UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD MORRELL,

    Petitioner,               Civil No. 17-CV-10961
                                     HONORABLE GEORGE CARAM STEEH
v.                                 UNITED STATES DISTRICT JUDGE

MARK McCULLICK,

    Respondent.
_____/

## OPINION AND ORDER (1) GRANTING THE MOTION TO AMEND THE HABEAS PETITION, (2) HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND (3) ADMINISTRATIVELY CLOSING THE CASE

Ronald Morrell, ("Petitioner"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for one count of armed robbery, Mich. Comp. Laws § 750.529; four counts of unlawful imprisonment, Mich. Comp. Laws § 750.349b; one count of first-degree home invasion, Mich. Comp. Laws § 750.110a(2); one count of larceny of a firearm, Mich. Comp. Laws § 750.357b; one count of larceny in a building, Mich. Comp. Laws § 750.360; five counts of felonious assault, Mich. Comp. Laws § 750.82; and thirteen counts of felony firearm, Mich. Comp. Laws § 750.227b.

Petitioner has also filed several lengthy pleadings in addition to his original petition, which are construed as a motion to amend the habeas petition to add additional claims. The motion to amend the petition is GRANTED. The amended petition appears to raise new claims that have yet to be exhausted with the state courts. In *lieu* of dismissing the petition without prejudice, this Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to return to the state courts to exhaust his additional claims. If this fails, the petition will be dismissed without prejudice.

**I. Background**

Petitioner pleaded *nolo contendere* in the Livingston County Circuit Court and was sentenced to prison. Petitioner's conviction and sentence were affirmed on appeal. *People v. Morrell,* No. 330591 (Mich.Ct.App. Mar. 29, 2016); *lv. den.* 500 Mich. 868 (2016).

Petitioner filed a petition for writ of habeas corpus, seeking relief on the following grounds:

> I. Trial court violated constitutional due process by refusal to allow plea withdrawal.
>
> II. Petitioner's sentencing range was incorrectly scored.
>
> III. Inaccurate and biased pre-sentencing report which

prejudices Petitioner.

## II.  Discussion

**A.  The motion to amend the petition for writ of habeas corpus is GRANTED.**

Petitioner has filed several pleadings in addition to his original habeas petition. (Docs. # 6, 8, 9, 10, and 11).  These pleadings all contain lengthy factual allegations and legal arguments by petitioner that not only buttress the three claims raised by petitioner in his initial petition, but also appear to advance new claims.  Petitioner appears to be raising the following claims in these pleadings: (1) Petitioner's confession was involuntary because he was under the influence of drugs, was denied medical care, and the police threatened to kill his wife and children, (2) prosecutorial misconduct, (3) the police and prosecutor brought false charges against petitioner, (4) petitioner was forced by his trial counsel into pleading *nolo contendere*, (5) ineffective assistance of trial counsel, in that counsel failed to locate evidence of petitioner's innocence, (6) trial counsel had a conflict of interest with petitioner in that he was working in collusion with the prosecutor and police, (7) ineffective assistance of appellate counsel, (8) the judge conspired with the police, and (9) transcripts of the proceedings were altered or falsified.

Petitioner did not separately list all of these claims for relief in his original petition, as required by Rule 2© of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. However, the appropriate liberal construction of a *pro se* habeas petition, even though it is vague and conclusory, requires active interpretation in some cases to construe a *pro se* petition to encompass any allegation which may state a ground for federal relief. *See Franklin v. Rose,* 765 F. 2d 82, 84-85 (6th Cir. 1985). A habeas petitioner's "undeveloped allegations" of constitutional error may be sufficient to alert a district court to the petitioner's intention to raise additional claims. *Id.,* at 85.

Petitioner's lengthy and detailed pleadings raise several new claims alleging serious constitutional error. These are not passing references to possible constitutional violations but extended and repeated allegations by petitioner concerning these new claims. This Court is willing to construe these pleadings as a motion to amend the petition to add these new claims. The proposed amended habeas petition should be granted because it advances new claims that may have arguable merit. *See e.g. Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016).

**B. The Court will hold the petition in abeyance to permit petitioner to exhaust these new claims.**

Petitioner's amended petition contains several claims that have not been exhausted with the state courts.

As a general rule, a state prisoner who seeks federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Although exhaustion is not a jurisdictional issue, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts normally must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she exhausted his or her claims with the state courts. *See Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

A habeas petitioner's failure to exhaust his or her state court remedies does not deprive a federal court of its jurisdiction to consider the

merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). An unexhausted claim may be adjudicated if the unexhausted claim is without merit, such that addressing the claim would be efficient and would not offend the interest of federal-state comity. *Prather v. Rees,* 822 F. 2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2)(habeas petition may be denied on the merits despite the failure to exhaust state court remedies). However, "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" *Dixon v. Baker*, 847 F. 3d 714, 722 (9th Cir. 2017)(*quoting Cassett v. Stewart*, 406 F. 3d 614, 624 (9th Cir. 2005)). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." *Id.* (*quoting Cassett*, 406 F. 3d at 624).

In *Wagner v. Smith*, 581 F. 3d at 414, the Sixth Circuit addressed a habeas petition involving several unexhausted claims that had been rejected on the merits by another judge in this district. The Sixth Circuit remanded the matter back to the district court. Although the Sixth Circuit

discussed the four available options for addressing a habeas petition which contained unexhausted claims, including the option of denying the unexhausted claims on the merits, *Id.* at 419 (discussing the four options), the Sixth Circuit strongly suggested that the district court should consider staying the petition and holding it in abeyance to permit petitioner to return to the state courts to properly exhaust these claims, because the claims were not "plainly meritless." *Id.* at 419-20. On remand, the district court vacated its opinion and order denying petitioner habeas relief, held the petition in abeyance to permit petitioner to return to the state courts to exhaust his claims, and administratively closed the case. *Wagner v. Smith,* U.S.D.C. 2:06-CV-10514 (E.D. Mich. Nov. 13, 2009).

The Sixth Circuit recently again reversed another judge in this district for rejecting an unexhausted ineffective assistance of counsel claim on the merits. See *Hickey v. Hoffner,* No. 16-1186, 2017 WL 2829523, __ F. App'x. __ (6th Cir. June 30, 2017). Although agreeing with the district court that the claims were unexhausted, the Sixth Circuit ruled that they could not find petitioner's ineffective assistance of counsel claims to be plainly meritless, so as to deny relief on the merits, because petitioner raised a "colorable" ineffective assistance of counsel claim. *Id.,* at * 3-4.

The Sixth Circuit vacated the district court decision denying habeas relief and remanded the matter to the district court to determine whether the petition should be held in abeyance. *Id.*

This Court cannot categorically state that petitioner has absolutely no hope of prevailing on these claims either in the state courts or in the federal court. Because this unexhausted claims have "not yet been fully developed, it would be premature for the Court to assess their merits." *Adams v. Haas*, No. 15-11685, 2017 WL 264506, at *2 (E.D. Mich. Jan. 20, 2017).

Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the Livingston County Circuit Court under M.C.R. 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).[1]

A habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the Antiterrorism and Effective Death

---

[1] To the extent that petitioner claims that the Livingston County Circuit judge is biased, he could always move for the judge to be recused from hearing his post-conviction motion pursuant to M.C.R. 2.003.

Penalty Act's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v Smith,* 581 F. 3d at 419. Petitioner may assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Wagner,* 581 F. 3d at 419, nn. 4 and 5. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."[2]

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his

---

[2]Although the Sixth Circuit in *Wagner,* 581 F. 3d at 419-20 believed that the unexhausted claims were not plainly meritless, so as to justify holding the case in abeyance to permit petitioner to exhaust these claims, the Sixth Circuit affirmed the denial of habeas relief on these same claims when the case came before that court again after petitioner exhausted these claims. *See Wagner v. Klee*, 620 F. App'x. 375, 377 (6th Cir. 2015). This indicates that the threshold for a claim to rise above the "plainly meritless' standard is fairly low.

state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claim or claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).[3]

### III. ORDER

Accordingly, **IT IS ORDERED** that the motion to amend the petition is GRANTED.

**IT IS FURTHER ORDERED** that petitioner may file a motion for relief from judgment with the state court within sixty (60) days of receipt of this Court's order. If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

---

[3]This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 F. App'x. 414, 422, n. 7 (6th Cir. 2005).

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claim or claims.

Petitioner shall re-file his habeas petition within 60 days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Dated: November 16, 2017

                                s/George Caram Steeh
                                GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 16, 2017, by electronic and/or ordinary mail and also on Ronald Morrell #955782, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880.

s/Barbara Radke
Deputy Clerk

---