UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD MORRELL,

        Petitioner,        Civil No. 2:17-CV-10961
                                HON. GEORGE CARAM STEEH
v.                             UNITED STATES DISTRICT JUDGE

DEWAYNE BURTON,[1]

        Respondent.
_____/

## OPINION AND ORDER (1) GRANTING IN PART AND DENYING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS, AND (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Ronald Morrell, ("Petitioner"), confined at the Handlon Correctional Facility in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for one count of armed robbery, Mich. Comp. Laws § 750.529; four counts of unlawful imprisonment, Mich. Comp. Laws § 750.349b; one count of first-degree home invasion, Mich. Comp. Laws § 750.110a(2); one count of larceny of a firearm, Mich. Comp. Laws § 750.357b; one count of larceny in a building,

---

[1] The Court orders that the caption in this case be amended to reflect that the proper respondent in this case is now Dewayne Burton, the warden of the prison where petitioner is currently incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

Mich. Comp. Laws § 750.360; five counts of felonious assault, Mich. Comp. Laws § 750.82; and thirteen counts of felony firearm, Mich. Comp. Laws § 750.227b.

The Court finds that the sentencing judge used factors that had not been submitted to a jury in order to score several offense variables under the Michigan Sentencing Guidelines. The Court grants the writ in part and remands the case to the state court to conduct a re-sentencing of petitioner. The petition is DENIED with respect to petitioner's remaining claims.

## I. Background

Petitioner pleaded *nolo contendere* in the Livingston County Circuit Court and was sentenced to prison. Petitioner's conviction and sentence were affirmed on appeal. *People v. Morrell,* No. 330591 (Mich.Ct.App. Mar. 29, 2016); *lv. den.* 500 Mich. 868 (2016).

Petitioner filed a habeas petition. This Court granted petitioner's motion to amend his petition to add additional claims and then held the petition in abeyance so that petitioner could return to the state courts to exhaust these additional claims. *Morrell v. McCullick*, No. 17-CV-10961, 2017 WL 5499404 (E.D. Mich. Nov. 16, 2017).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Morrell,* No. 14-22304-FC (Livingston Cty.Cir.Ct., Oct. 1, 2018). The Michigan appellate courts denied petitioner leave to appeal. *People v. Morrell,* No. 346171 (Mich.Ct.App. Apr. 3, 2019); *lv. den.* 931 N.W.2d 334 (Mich. 2019).

The case has now been reopened to the Court's active docket. Petitioner's various pleadings are voluminous, rambling and difficult to understand. It appears, however, that petitioner in his original and amended habeas petitions seeks habeas relief on the following grounds:

I. Trial court violated constitutional due process by refusal to allow plea withdrawal.

II. Petitioner's sentencing range was incorrectly scored.

III. Inaccurate and biased pre-sentencing report which prejudices Petitioner.

IV. Petitioner's confession was involuntary because he was under the influence of drugs, was denied medical care, and the police threatened to kill his wife and children.

V. Prosecutorial misconduct.

VI. The police and prosecutor brought false charges against petitioner.

VII. Petitioner was forced by his trial counsel into pleading nolo contendere.

VIII. Ineffective assistance of trial counsel, in that counsel failed to locate evidence of petitioner's innocence.

IX. Trial counsel had a conflict of interest with petitioner in that he was working in collusion with the prosecutor and police.

X. Ineffective assistance of appellate counsel.

XI. The Judge conspired with the police.

XII. Transcripts of the proceedings were altered or falsified.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the

Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

### A. Claim # 1. The plea withdrawal claim.

Petitioner first argues that he should have been permitted to withdraw his no-contest plea because he was under the influence of strong pain medication when he entered his plea.

Initially, the Court observes that petitioner has no federal constitutional right to withdraw his no-contest plea. *See Hynes v. Birkett,* 526 F. App'x. 515, 521 (6th Cir. 2013). Unless a petitioner's guilty or no-contest plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of a habeas petitioner's plea is

discretionary with the state trial court. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

A guilty or no-contest plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(both citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)). In order for a plea of guilty or no-contest to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his or her plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty or no-contest. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his or her plea of guilty or no-contest, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty or no-contest plea was properly made are generally accorded a presumption of correctness. The petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.* Federal and state courts will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty or no-contest. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 652 (E.D. Mich. 2002).

The evidence establishes that petitioner freely and voluntarily pleaded no-contest. Petitioner was advised several times of the maximum penalties for the various charges that he would be pleading no-contest and the rights that he would be waiving by pleading no-contest. In response to the trial court's questions, petitioner denied that any threats or promises had been made to get him to plead no-contest. Under the circumstances,

the transcript and colloquy clearly establish that petitioner's plea was knowingly and intelligently made. *Shanks*, 387 F. Supp. 2d at 749.

Petitioner claims that he was being prescribed Neurontin for pain at the time of his plea and that this drug prevented him from being able to knowingly and intelligently enter his plea. Petitioner, however, was asked by the judge at the plea hearing whether he was presently under the influence of alcohol or any controlled substance, to which petitioner replied "No." (Tr. 2-17-15, p. 5)(ECF No. 13-2, Page ID. 234). The trial judge subsequently denied petitioner's post-sentencing motion to withdraw his plea, noting that he had asked petitioner if he was under the influence of drugs or alcohol before taking the plea. The judge also noted that petitioner had been able to answer all of his questions clearly and lucidly. (Tr. 11/19/15, p. 15)(ECF No. 13-4, Page ID. 307).

In light of the fact that petitioner was asked whether he was under the influence of alcohol or controlled substances by the judge at the plea hearing and explicitly denied that he was under the influence of any alcohol or drugs, the Michigan Court of Appeals reasonably rejected petitioner's involuntary plea claim. *See Snyder v. Warden, Warren Corr. Inst.*, 832 F. Supp. 2d 827, 834 (S.D. Ohio 2011).

Moreover, the Sixth Circuit has noted that "[w]here a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." *United States v. Spencer,* 836 F. 2d 236, 239 (6th Cir. 1987). Because petitioner knew about being prescribed medication at the time that he entered his plea, his unexplained delay in bringing this to the attention of the trial court until after he had been sentenced undermines the credibility of his claim that the medication that he was taking prevented him from knowingly or intelligently entering his plea. *See United States v. Ford,* 15 F. App'x. 303, 309 (6th Cir. 2001). Petitioner is not entitled to relief on his first claim.

**B. Claim # 2. The sentencing guidelines claim.**

Petitioner in his second claim argues that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner when he scored several of the offense variables under the Michigan Sentencing Guidelines.

On June 17, 2013, the United States Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013). *Alleyne* is

an expansion of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.  In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), which held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne,* 570 U.S. at 106-07.

The Michigan Supreme Court relied on *Alleyne* to hold that Michigan's mandatory  sentencing guidelines scheme violates the Sixth Amendment right to a jury trial. *See People v. Lockridge,* 498 Mich. 358, 870 N.W.2d 502 (Mich. 2015).  The Michigan Supreme Court held that, under *Alleyne*, the Michigan sentencing guidelines scheme violated the Sixth Amendment, because the "guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e., the "mandatory minimum" sentence under *Alleyne*." *Lockridge*, 498 Mich. at 364 (emphasis in original).

The Sixth Circuit subsequently granted habeas relief on a challenge to Michigan's sentencing guidelines, holding that the United States Supreme Court's decision in *Alleyne* clearly established that Michigan's mandatory minimum sentencing scheme was unconstitutional. *Robinson v. Woods*, 901 F. 3d 710, 716-18 (6th. Cir. 2018); *cert. den. sub nom. Huss v. Robinson,* 139 S. Ct. 1264 (2019). The Sixth Circuit concluded that "[a]t bottom, Michigan's sentencing regime violated *Alleyne's* prohibition on the use of judge-found facts to increase mandatory minimum sentences. *Id.* at 716 (citing *Alleyne*, 570 U.S. at 111-12).

Petitioner was sentenced on March 30, 2015, after *Alleyne* was decided. Petitioner raised his sentencing guidelines claim on his direct appeal, which was denied. This Court concludes that petitioner is entitled to habeas relief on his second claim, because "*Alleyne's* holding rendered Michigan's then-mandatory sentencing regime unconstitutional, such that the Michigan Court of Appeals' decision in [petitioner's] case was contrary to clearly established federal law." *Robinson v. Woods*, 901 F.3d at 715. Accordingly, the Court grants petitioner a writ of habeas corpus on his second claim and will order the state trial court to conduct a re-sentencing in conformity with the Sixth Circuit's holding in *Robinson. Id.* at 718.

**C. Claim # 3.  The pre-sentence investigation report claim.**

Petitioner claims that the pre-sentence investigation report contained inaccurate or false information concerning the facts surrounding the armed robbery.

There is no federal constitutional right to a pre-sentence investigation and report. *See Bridinger v. Berghuis,* 429 F. Supp. 2d 903, 909 (E.D. Mich. 2006); *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001). Therefore, the mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process so as to entitle a petitioner to habeas relief. *Allen,* 156 F. Supp. 2d at 797.

To the extent that petitioner claims that the trial court failed to correct the inaccuracies in his pre-sentence report, in violation of M.C.R. 6.429, this would be non-cognizable in federal habeas review, because it involves an issue of state law. *See e.g. Koras v. Robinson,* 257 F. Supp. 2d 941, 955 (E.D. Mich. 2003); *aff'd in part and rev'd in part on other grds,* 123 F. App'x. 207 (6th Cir. 2005).

More importantly, even where there is an alleged factual inaccuracy in a pre-sentence report, a court need not resolve the dispute when the information is not relied on in arriving at the sentence that was imposed. *See Warren v. Miller,* 78 F. Supp. 2d 120, 131 (E.D.N.Y. 2000).  Although a

criminal defendant possesses a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude," *See Roberts v. United States*, 445 U.S. 552, 556 (1980), in order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false. *See Siebert v. Jackson*, 205 F. Supp. 2d 727, 731 (E.D. Mich. 2002).

In the present case, there is no evidence that the trial court relied on the allegedly incorrect information contained within the pre-sentence report in sentencing petitioner.  In fact, the judge at sentencing indicated that he was relying on the facts contained within the police report that had been admitted during the plea colloquy in fashioning the sentence. (Tr. 3/30/15, p. 26)(ECF No. 13-3, Page ID. 284). A habeas petitioner is not entitled to relief on his or her claim that a pre-sentence investigation report contained inaccurate information where there is no indication that the sentencing judge relied on this information in sentencing the petitioner. *See Draughn v. Jabe,* 803 F. Supp. 70, 80 (E.D. Mich. 1992).  Accordingly, petitioner is not entitled to habeas relief on his third  claim.

## D. Claims # 4-12.  Petitioner's remaining claims are procedurally defaulted.

Petitioner's remaining claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his direct appeal, as required by M.C.R. 6.508(D)(3).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If a habeas petitioner fails to show cause for his or her procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Morrell*, 931 N.W.2d at 334.

The Michigan Court of Appeals denied petitioner's post-conviction appeal in a form order "because the defendant failed to establish that the trial court erred in denying the motion for relief from judgment." *People v. Morrell,* No. 346171 (Mich.Ct.App. Apr. 3, 2019). These orders, however, did not mention subsection (D)(3) nor did they reference petitioner's failure to raise his claims on his direct appeal as their rationale for rejecting his post-conviction appeals. The form orders in this case are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits and are thus unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

The Livingston County Circuit Court judge, in rejecting petitioner's post-conviction claims, indicated that petitioner was not entitled to relief on his claims because he failed to show cause and prejudice under M.C.R. 6.508(D)(3) for failing to raise the issues on his direct appeal. See *People*

*v. Morrell,* No. 14-22304-FC, * 1 (Livingston Cty. Cir.Ct., Oct. 1, 2018)(ECF

No. 25-5, Page ID. 1033). Because the trial court judge denied petitioner

post-conviction relief based on the procedural grounds stated in M.C.R.

6.508(D)(3), petitioner's remaining claims are procedurally defaulted

pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F. 3d 284, 292-

93 (6th Cir. 2007). [2]

 With respect to his post-conviction claims, petitioner alleges

ineffective assistance of appellate counsel as cause to excuse his

procedural default.   Petitioner, however, has not shown that appellate

counsel was ineffective.  It is well-established that a criminal defendant

does not have a constitutional right to have appellate counsel raise every

non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751

(1983).  The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional
> judgments and impose on appointed counsel a duty to raise
> every 'colorable' claim suggested by a client would disserve the
> ... goal of vigorous and effective advocacy.... Nothing in the
> Constitution or our interpretation of that document requires such
> a standard."

*Id.* at 463 U.S. at 754.

---

[2] Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel
claim, because state post-conviction review was the first opportunity that he had to raise this
claim. *See Guilmette,* 624 F. 3d at 291.  However, for the reasons stated below, petitioner is not
entitled to habeas relief on this claim.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring a *Strickland* [*v. Washington*, 466 U.S. 668 (1984] claim based on [appellate] counsel's failure to raise a particular claim[on appeal], but it is difficult to demonstrate that counsel was incompetent."

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an

issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that petitioner raised for the first time in his post-conviction motion for relief from judgment. Appellate counsel filed an appellate brief which raised three claims, which actually are the first three claims raised by petitioner in his original habeas petition. Petitioner has not shown that appellate counsel's strategy in presenting these three claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Assistant Michigan Attorney General in his answer to the petition for writ of habeas corpus, none of the claims raised by petitioner in his post-conviction motion were "dead bang winners." Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F. 3d 674, 682-83 (6th Cir. 2000).

Moreover, because these post-conviction claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel

claim raised by petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533; *Harris v. Stegall,* 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001).

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his remaining claims as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's procedurally defaulted claims on the merits. *Harris v. Stegall,* 157 F. Supp. 2d at 751. Petitioner's state procedural default bars federal habeas review of his remaining claims.

Finally, assuming that petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief.

The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007). For the reasons stated by the Assistant Michigan Attorney General in his answer to the petition for writ of habeas corpus, petitioner has failed to show that his post-conviction claims have any merit. Petitioner is not entitled to habeas relief on his remaining claims.

## IV. Conclusion

The Court grants petitioner a writ of habeas corpus with respect to his second claim. The Court denies relief with respect to the remaining claims.

The Court will also deny a certificate of appealability to petitioner with respect to his remaining claims. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable

or wrong. *Id.* at 484.  Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability with respect to his first and third through twelfth claims because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to these claims.

## V.  ORDER

IT IS HEREBY ORDERED that the petition for writ of habeas corpus is CONDITIONALLY GRANTED IN PART.  Unless the State takes action to re-sentence petitioner in accordance with this opinion within one hundred and twenty (120) days of the date of this opinion, he may apply

for a writ ordering respondent to release him from custody forthwith.

Dated: January 6, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 6, 2020, by electronic and/or ordinary mail and also
on Ronald Morrell #955782, Richard A. Handlon Correctional
Facility, 1728 Bluewater Highway, Ionia, MI 48846.

s/Brianna Sauve
Deputy Clerk

---