UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD MORRELL,

    Petitioner,               Civil No. 2:17-CV-10961
                                  HONORABLE GEORGE CARAM STEEH
v.                          UNITED STATES DISTRICT JUDGE

DEWAYNE BURTON,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR
RECONSIDERATION AND DENYING A CERTIFICATE OF
APPEALABILITY**

On January 6, 2020, this Court issued an opinion and order granting petitioner a writ of habeas corpus on his claim that the judge had violated his Sixth Amendment rights by using factors that had not been submitted to the jury to score his sentencing guidelines. This Court denied petitioner habeas relief on his remaining claims and denied him a certificate of appealability. *See Morrell v. Burton,* No. 2:17-CV-10961, 2020 WL 59700 (E.D. Mich. Jan. 6, 2020). Petitioner has filed a motion for reconsideration. For the reasons stated below, the motion for reconsideration is **DENIED**

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (g) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by

1

reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. *See DirecTV, Inc. v. Karpinsky,* 274 F. Supp. 2d 918, 921 (E.D. Mich. 2003).

In the present case, petitioner has made a number of lengthy arguments in support of his motion for reconsideration. All of these arguments were considered by this Court, however, either expressly, or by reasonable implication, when the Court denied petitioner habeas relief on his remaining claims and declined to issue a certificate of appealability.

Petitioner's motion for reconsideration will therefore be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner habeas relief on his remaining claims and declined to issue a certificate of appealability. *See Hence v. Smith,* 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999).

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See e.g. Amr v. U.S.,* 280 F.

App'x. 480, 486 (6th Cir. 2008). This Court will deny petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of petitioner's motion for reconsideration to be debatable.

### ORDER

Based upon the foregoing, IT IS ORDERED that:

(1) the motion for reconsideration (ECF No. 30) is **DENIED.**

(2) Petitioner is **DENIED** a certificate of appealability.


January 22, 2020                           s/George Caram Steeh
                                           GEORGE CARAM STEEH
                                           UNITED STATES DISTRICT JUDGE