UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD MORRELL,

    Petitioner,        Civil No. 2:17-CV-10961
                             HONORABLE GEORGE CARAM STEEH
v.                        UNITED STATES DISTRICT JUDGE

DEWAYNE BURTON,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION
TO ALTER OR TO AMEND JUDGMENT (ECF No. 33)**

This Court issued an opinion and order granting petitioner a writ of habeas corpus on his claim that the judge had violated his Sixth Amendment rights by using factors that had not been submitted to the jury to score his sentencing guidelines. This Court denied petitioner habeas relief on his remaining claims. *See Morrell v. Burton,* No. 2:17-CV-10961, 2020 WL 59700 (E.D. Mich. Jan. 6, 2020).

Respondent filed a motion to alter or amend judgment. For the reasons stated below, the motion is **DENIED**.

The decision of whether to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F. 2d 129, 132 (6th Cir. 1990). A

motion to alter or amend judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F. 3d 804, 834 (6th Cir. 1999). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.,* 909 F.3d 834, 841 (6th Cir. 2018)(*quoting Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008)(additional quotation omitted)). In addition, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. *See Johnson v. Henderson,* 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

  Respondent does not contest this Court's decision to grant petitioner habeas relief on his sentencing claim, but only contests the remedy. Respondent argues that this Court should not have ordered a re-sentencing, but should instead order the state court judge to first determine whether or not he would have imposed a materially different sentence if the sentencing guidelines were merely advisory at the time of the original sentencing.

  Any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a

reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013). *Alleyne* is an expansion of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.

The Michigan Supreme Court relied on *Alleyne* to hold that Michigan's mandatory sentencing guidelines scheme violates the Sixth Amendment right to a jury trial. *See People v. Lockridge,* 498 Mich. 358, 364, 870 N.W.2d 502 (Mich. 2015). The Sixth Circuit subsequently granted habeas relief on a challenge to Michigan's sentencing guidelines, holding that the United States Supreme Court's decision in *Alleyne* clearly established that Michigan's mandatory minimum sentencing scheme was unconstitutional. *Robinson v. Woods*, 901 F. 3d 710, 716-18 (6th. Cir. 2018); *cert. den. sub nom. Huss v. Robinson,* 139 S. Ct. 1264 (2019).

Respondent agrees that petitioner's Sixth Amendment rights were violated by the use of Michigan's then mandatory sentencing guidelines but argues that a full re-sentencing is not the appropriate remedy. According to

respondent, the appropriate remedy should be a remand for the trial court judge to determine if he would impose the same sentence even without the guidelines. Respondent notes that this is the remedy that the Michigan Supreme Court has adopted. *See Lockridge*, 498 Mich. at 397. This remedy is based on a similar procedure adopted by the Second Circuit in *United States v. Crosby*, 397 F.3d 103, 117–118 (2nd Cir. 2005). *See Lockridge*, 498 Mich. at 395–396.

This Court granted petitioner habeas relief based on the Sixth Circuit's holding in *Robinson,* finding that "*Alleyne's* holding rendered Michigan's then-mandatory sentencing regime unconstitutional, such that the Michigan Court of Appeals' decision in [petitioner's] case was contrary to clearly established federal law." *Morrell v. Burton*, 2020 WL 59700, at * 4 (quoting *Robinson v. Woods,* 901 F. 3d at 715). This Court's remedy was to grant "petitioner a writ of habeas corpus on his second claim and will order the state trial court to conduct a re-sentencing in conformity with the Sixth Circuit's holding in *Robinson*." *Id*. (citing to *Robinson,* at 718). This Court, in so concluding, was referencing the following language from *Robinson*:

> For these reasons, we reverse the judgment of the district court and conditionally grant Robinson's petition for a writ of habeas corpus, as it pertains to his Sixth Amendment sentencing claim. We remand this case to the district court with instructions to remand to the state sentencing court for sentencing proceedings consistent with this opinion and the Constitution. The district

> court shall grant a writ of habeas corpus unless the state initiates, within 180 days, such sentencing proceedings.

*Robinson v. Woods*, 901 F.3d at 718.

The language from the Sixth Circuit in *Robinson* admittedly is less than clear about whether there should be a full re-sentencing but clearly does not appear to remand the case to the state sentencing court judge for him or her to first determine whether he or she would have imposed the same sentence even if the sentencing guidelines had been advisory.

In support of the motion to amend judgment, respondent cites to the Sixth Circuit case of *Reign v. Gidley,* 929 F. 3d 777 (6th Cir. 2019), in which the Sixth Circuit held that the petitioner was not entitled to habeas relief based on his claim that the state trial court judge failed to conduct a re-sentencing hearing after *Lockridge* had been decided, but had instead denied petitioner's motion to correct the sentence by stating that he would have imposed the same sentence even if the guidelines had merely been advisory at the time of sentencing. *Id.* at 780. The Sixth Circuit upheld the denial of habeas relief to the petitioner in *Reign* because the United States Supreme Court had yet to clearly establish what type of remedy would be appropriate for cases in which a mandatory sentencing guidelines regime was invalidated and made advisory. *Id.,* at 781-82. The Sixth Circuit noted that different circuits had reached different conclusions about the type of

remedy that should be imposed in such cases, showing that fair-minded jurists could disagree about the propriety of a *Crosby* or *Lockridge* style remand, thus, habeas relief was not appropriate. *Id.* at 782-83. The Sixth Circuit in *Reign*, however, noted that the Sixth Circuit itself on a direct appeal from a federal conviction had explicitly rejected the Second Circuit's approach in *Crosby* and had concluded, based on language contained in the Supreme Court's *Booker* decision, that the appropriate remedy would be to remand the case to the district court for re-sentencing. *Id.* (citing *United States v. Milan*, 398 F.3d 445, 452 (6th Cir. 2005)). The Sixth Circuit in *Reign* even referenced "the current unpopularity of the *Crosby* remand" among various federal courts. *Reign v. Gidley*, 929 F.3d at 783. Finally, the Sixth Circuit in *Reign* distinguished the petitioner's situation in their case from the petitioner's case in *Robinson*:

> Magnum Reign urges that because we remanded in *Robinson*, we must do so in his case. But the petitioner in *Robinson* was in a fundamentally different position, having never been able to ask the sentencing court to reconsider its sentence under an advisory scheme. In *Robinson*, we essentially granted as relief the chance to do what Magnum Reign has already done: ask the sentencing court if it would change its mind once the guidelines became advisory.

*Reign v. Gidley*, 929 F.3d at 783.

This Court declines to alter or amend judgment or change the conditions of the grant. The Sixth Circuit holding in *Robinson* indicated that

the habeas relief should be a new sentencing hearing. This Court granted habeas relief and ordered that petitioner be re-sentenced in conformity with the holding in *Robinson.* The Sixth Circuit earlier in the case of *Milan* explicitly rejected *Crosby.* This Court is not at liberty to overturn the Sixth Circuit's holding in *Robinson.* Absent a clear directive from the Supreme Court or a decision of the Court of Appeals sitting *en banc*, a panel of the Court of Appeals, or for that matter, a district court, is not at liberty to reverse the circuit's precedent. *See Brown v. Cassens Transport Co.,* 492 F. 3d 640, 646 (6th Cir. 2007). In the absence of Supreme Court precedent directly on point, a district court should decline to "underrule" established circuit court precedent. *See Johnson v. City of Detroit,* 319 F. Supp. 2d 756, 771, n. 8 (E.D. Mich. 2004). The Sixth Circuit in the subsequent *Reign* case did not alter or overrule the holding in *Robinson,* acknowledging, in fact, that a petitioner like Mr. Morrell who has never been able to ask the state sentencing court to reconsider its sentence under an advisory guidelines scheme should have an opportunity to ask that judge whether he or she would be willing to change their mind in light of the Michigan Supreme Court's decision to strike down Michigan's mandatory sentencing guidelines scheme. *Reign,* 929 F. 3d at 783. This is all that the Court did when granting habeas relief.

For the reasons stated above, the motion to alter or to amend judgment (ECF No. 33) is DENIED.

Dated: February 14, 2020

                                    s/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 14, 2020, by electronic and/or ordinary mail and also on Ronald Morrell #955782, Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846.

s/Barbara Radke
Deputy Clerk