UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD MORRELL,

    Petitioner,        Civil No. 2:17-CV-10961
                                HON. GEORGE CARAM STEEH
v.                            UNITED STATES DISTRICT JUDGE

DEWAYNE BURTON,

    Respondent.
_____/

## OPINION AND ORDER GRANTING THE
## MOTION TO STAY PENDING APPEAL (ECF No. 42)

This Court granted petitioner a writ of habeas corpus on his claim that the judge had violated his Sixth Amendment rights by using factors that had not been submitted to the jury to score his sentencing guidelines. *See Morrell v. Burton,* No. 2:17-CV-10961, 2020 WL 59700 (E.D. Mich. Jan. 6, 2020). Respondent filed a motion to alter or to amend judgment, which was denied. *Morrell v. Burton*, No. 2:17-CV-10961, 2020 WL 746954 (E.D. Mich. Feb. 14, 2020).

Respondent filed a notice of appeal from the denial of the motion to alter or amend judgment. (ECF No. 39). Respondent also filed a motion for a stay pending appeal. (ECF No. 42).

- 1 -

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992); F.R.A.P. Rule 23(c). Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776.

The factors regulating the issuance of a stay are:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
(2) whether the applicant will be irreparably injured absent a stay;
(3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
(4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F. 2d at 166.

In determining whether to grant a stay, a federal court may also consider "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal ...; it will be strongest where the remaining portion of the sentence to be served is long, and

weakest where there is little of the sentence remaining to be served." *Hilton,* 481 U.S. at 777.

Although this Court disagrees with respondent's claim that he made a strong showing that he is likely to succeed on the merits of the case on appeal, the Court grants respondent a stay pending appeal;"[i]t would be a waste of judicial resources for the appeal to proceed in the Sixth Circuit Court of Appeals, while simultaneously requiring the State to grant relief to Petitioner." *Williams v. Booker,* 715 F. Supp. 2d 756, 770 (E.D. Mich. 2010); *rev'd on other grds,* 454 F. App'x. 475 (6th Cir. 2012). Accordingly, the motion for stay pending appeal is GRANTED.

**IT IS HEREBY ORDERED that:**

The motion for stay pending appeal (ECF No. 42) is **GRANTED.**

Dated: April 7, 2020

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 7, 2020, by electronic and/or ordinary mail and also on Ronald Morrell #955782, Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846.

s/Brianna Sauve
Deputy Clerk

---