UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD MORRELL,

       Petitioner,                Civil No. 2:17-CV-10961
                                      HON. GEORGE CARAM STEEH

   v.

DEWAYNE BURTON.

       Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION
FOR RELEASE FROM CUSTODY (ECF No. 54) AND
<u>LIFTING THE STAY PENDING APPEAL (ECF No. 43)</u>**

This Court granted petitioner a writ of habeas corpus on his claim that the judge had violated his Sixth Amendment rights by using factors that had not been submitted to the jury to score his sentencing guidelines. This Court denied petitioner habeas relief on his remaining claims. *See Morrell v. Burton,* No. 2:17-CV-10961, 2020 WL 59700 (E.D. Mich. Jan. 6, 2020). Respondent was given 120 days from the date of the order to re-sentence petitioner. *Id.*

Respondent filed a motion for a stay pending appeal, which this Court granted. (ECF No. 43).

On September 3, 2021, the United States Court of Appeals for the Sixth Circuit affirmed the Court's decision to grant habeas relief and to remand the matter to the state court for re-sentencing. *Morrell v. Wardens*, 12 F. 4th 626 (6th Cir. 2021). The mandate was entered on September 28, 2021. (ECF No. 55).

Petitioner filed a motion for release from custody. Petitioner seeks an unconditional writ of habeas corpus, on the ground that the State of Michigan has not returned him for a re-sentencing hearing before the Livingston County Circuit Court on his sentencing claim within one hundred and twenty days of the issuance of the writ by this Court. For the reasons that follow, the motion is DENIED.

Petitioner is not entitled to release from custody for several reasons. First, this Court issued a stay of its order granting habeas relief on April 7, 2020. This order stayed the conditions of the writ, including the deadline for compliance with the writ. The order granting the stay pending appeal tolled the 120-day period for respondent to comply with the order granting a re-sentencing until the Sixth Circuit issued its mandate in this case. *See Bachynski v. Warren*, 107 F. Supp. 3d 770, 771 (E.D. Mich. 2015). "A conditional writ of habeas corpus is a final order, and thus judgment in this matter was final when the conditional writ became effective." *Mason v.*

*Mitchell*, 729 F.3d 545, 550 (6th Cir. 2013). This Court's judgment did not become effective until the Sixth Circuit issued its mandate affirming this Court's decision to grant the writ. *Id.* Now that the appeal is concluded, this Court will now vacate the stay pending appeal.

Secondly, the State of Michigan has substantially complied with the terms of this Court's order. This Court did not order that petitioner's conviction be vacated but only that he be re-sentenced. The Court ordered the State of Michigan to takes actions to re-sentence petitioner. On September 22, 2021, the Livingston County Prosecutor's Office filed a motion in the state circuit court to re-sentence petitioner; complete a new pre-sentence investigation; prepare a writ to ensure petitioner's appearance at the re-sentencing; and appoint counsel to represent petitioner for resentencing. The requested date for resentencing is October 28, 2021, at 8:30 a.m. The state circuit court has also appointed counsel for petitioner pursuant to the prosecutor's motion.

A district court that grants a conditional writ of habeas corpus retains jurisdiction to execute a lawful judgment which grants a writ of habeas corpus when it becomes necessary. *See Gentry v. Deuth,* 456 F. 3d 687, 692 (6th Cir. 2006). If, on the other hand, the respondent meets the terms of the habeas court's condition, thereby avoiding the writ's actual issuance,

the habeas court does not retain any further jurisdiction over the matter. *Id.* When the state fails to cure the error, i.e., when it fails to comply with the conditions of grant of conditional writ in habeas corpus proceedings, a conditional grant of a writ of habeas corpus requires the petitioner's release from custody. *See Satterlee v. Wolfenbarger,* 453 F. 3d 362, 369 (6th Cir. 2006). However, "*Satterlee* does not require immediate release in all cases where a term of the conditional writ was not performed precisely as ordered." *McKitrick v. Jeffreys*, 255 F. App'x 74, 76 (6th Cir. 2007). A district court may make exceptions when the state has "substantially complied" with the terms of the order. *Id.; See also Ward v. Wolfenbarger,* 342 F. App'x 134, 137 (6th Cir. 2009).

The Court denies petitioner's motion for an unconditional writ because the State of Michigan substantially complied with the terms of the conditional writ. A new sentencing date has been set for petitioner, counsel has been appointed, a new pre-sentence investigation report has been prepared, and a writ has been issued to bring petitioner back or re-sentencing. The state court substantially complied with the terms of the conditional writ. *McKitrick v. Jeffreys*, 255 F. App'x 77 (State substantially complied with terms of conditional writ of habeas corpus requiring state prisoner to be resentenced within 90 days, and thus release from state

custody was not warranted, where counsel was appointed and a hearing date was set well within the 90-day time frame, but a continuance resulted in the imposition of a new sentence 91 days after the district court's order).

IT IS HEREBY ORDERED that petitioner's motion for release from custody (ECF No. 54) is DENIED.

Dated:  October 4, 2021

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 4, 2021, by electronic and/or ordinary mail and also on  Ronald Morrell #955782, Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846.

s/Brianna Sauve
Deputy Clerk