UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD MORRELL,

       Petitioner,               Civil No. 2:17-CV-10961
                                        HON. GEORGE CARAM STEEH

  v.

DEWAYNE BURTON,

       Respondent.
_____/

**OPINION AND ORDER (1) DENYING THE MOTION FOR
RELIEF FROM JUDGMENT (ECF No. 60), (2) DECLINING TO
ISSUE A CERTIFICATE OF APPEALABILITY, AND
(3) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

      This Court granted petitioner a writ of habeas corpus on his claim that the judge had violated his Sixth Amendment rights by using factors that had not been submitted to the jury to score his sentencing guidelines. This Court denied petitioner habeas relief on his remaining claims. *See Morrell v. Burton,* No. 2:17-CV-10961, 2020 WL 59700 (E.D. Mich. Jan. 6, 2020). The United States Court of Appeals for the Sixth Circuit affirmed the Court's decision to grant habeas relief and to remand the matter to the state court for re-sentencing. *Morrell v. Wardens*, 12 F. 4th 626 (6th Cir. 2021). Petitioner was subsequently re-sentenced by the state trial judge. (ECF No. 59).

- 1 -

Petitioner filed a Rule 60(b) motion for relief from judgment. For the reasons that follow, the motion is DENIED.

Normally, where a habeas petitioner files a Rule60(b) motion for relief from judgment following the denial of habeas relief, the court must determine whether the motion for relief from judgment is the equivalent of a "second or successive habeas petition" that would require authorization from the Court of Appeals before filing, pursuant to the provisions of 28 U.S.C. § 2244(b). See *Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005). In this case, however, petitioner was re-sentenced by the state trial judge in accordance with this Court's order granting habeas relief. In *King v. Morgan,* 807 F.3d 154, 157-60 (6th Cir. 2015), the Sixth Circuit held that a federal habeas corpus petition which challenges a new state-court sentence that is imposed after a full re-sentencing and which leads to a new judgment does not count as "second or successive" habeas petition, for purposes of § 2244(b)(3)(A), even if the petitioner previously filed a petition to challenge the original sentence and even if he or she raised or could have raised the same claims in the earlier petition. The Sixth Circuit in *King* based its decision in part on the Supreme Court's holding in *Magwood v. Patterson*, 561 U.S. 320 (2010). Because petitioner's 60(b) motion was filed after he had been re-sentenced by the state court, it is

unnecessary for this Court to determine whether the motion amounts to a successive habeas petition for purposes of § 2244(b)(3)(A).

Nonetheless, a motion for relief from judgment that attacks the integrity of a previous habeas proceeding, but is nevertheless without merit, should simply be denied, as would any other motion for relief from judgment that lacks merit. See Harris v. U.S., 367 F. 3d 74, 82 (2d Cir. 2004). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. See Miles v. Straub, 90 F. App'x. 456, 458 (6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. See Johnson v. Unknown Dellatifa, 357 F. 3d 539, 543 (6th Cir. 2004). A habeas petitioner may not raise arguments during his or initial federal habeas proceeding, lose those arguments, then raise the same arguments based on the same evidence in a Rule 60(b) motion for relief from judgment. See Brooks v. Bobby, 660 F. 3d 959, 962 (6th Cir. 2011).

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,

(6) any other reason justifying relief from the operation of the judgment.

Petitioner in his Rule 60(b) motion claims that he is entitled to relief from judgment because a fraud had been committed on the court. Petitioner claims that the state trial court judge relied on a false police report and an inaccurate pre-sentence investigation report to establish the factual basis for petitioner's *nolo contendere* plea.  Petitioner also claims that the Livingston County Sheriff had given him the drugs Gabapentin and Neurontin against his will and for no medical reason, which altered petitioner's mental state at the various court proceedings. Petitioner claims that at the plea withdrawal hearing on November 19, 2015 in the Livingston County Circuit Court, the assistant prosecutor either testified falsely or made false statements to the court that petitioner was not suffering side effects from the drugs he had been given in jail.  Petitioner also alleges that

- 4 -

trial counsel was ineffective and that the state trial judge erroneously denied petitioner's ineffective assistance of counsel claim by stating that counsel was a respected lawyer in community. Petitioner claims this shows that the judge was biased.

Petitioner's claim does not come with the fraud of the court exception that would permit him to maintain an independent action to challenge his state court conviction.

The elements of fraud upon the court consists of conduct:

1. on the part of an officer of the court;
2. that is directed to the "judicial machinery" itself;
3. that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth;
4. that is a positive averment or is concealment when one is under a duty to disclose; and,
5. that deceives the court.

*Demjanjuk v. Petrovsky,* 10 F. 3d 338, 348 (6th Cir. 1993).

Petitioner's "fraud on the court" claim is without merit, because he failed to show that any alleged fraud was committed by an officer of *this Court*. (emphasis supplied). In order for a claim of fraud on the court to succeed, so as to permit relief from a state conviction pursuant to Fed.R. Civ. P. 60, "the fraud must have been committed by an officer of the federal habeas trial or appellate courts." *Buell v. Anderson,* 48 F. App'x. 491, 499 (6th Cir. 2002)(citing *Workman v. Bell*, 227 F. 3d 331, 336, 341 (6th Cir.

- 5 -

2000)(*en banc*)).  The state court judge, the assistant prosecutor, petitioner's trial counsel, and the stenographer whom petitioner claims altered or falsified the transcripts, were not acting as an officer of the federal habeas court when they committed the various acts alleged by petitioner, thus, the "fraud upon the court" exception does not apply to permit petitioner to obtain relief from judgment. *Id.; See also Thompkins v. Berghuis*, 509 F. App'x. 517, 519 (6th Cir. 2013)(assuming that detective lied on stand and fabricated state prisoner's confession, the false testimony was a fraud upon the state court, not the federal court, and thus, was not grounds for obtaining successive federal habeas corpus review of a claim that had been resolved against petitioner on prior habeas review); *Bennerman v. Hoffner*, No. 16-1062, 2016 WL 11849436, at * 3 (6th Cir. Aug. 12, 2016)(petitioner not entitled to relief from judgment on his claim that a fraud on the court had been committed when the court reporter for the state trial court falsified her trial transcripts and his trial counsel withheld or misled the court concerning petitioner's mental health records because neither the court reporter nor petitioner's counsel were an officer of the federal habeas court).

      Petitioner is also not entitled to relief from judgment because many of his allegations that he raises in his Rule 60(b) motion merely reiterate the

claims that petitioner made in his original habeas petition. *See Johnson,* 357 F. 3d at 543. Petitioner is merely attempting to relitigate issues that were already decided against him adversely by this Court. Accordingly, he is not entitled to relief from judgment.

The Court denies the Rule 60(b) motion for relief from judgment.

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

In habeas cases involving a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he or she makes both a substantial showing that he or she had a valid claim of the denial of a constitutional right, and a

substantial showing that the procedural ruling by the district court is wrong. *See United States v. Hardin,* 481 F. 3d 924, 926, n. 1 (6th Cir. 2007).

Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment; he failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect. However, although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## ORDER

**The Court DENIES** the Motion for Relief From Judgment. (ECF No. 60).

**The Court DENIES** a Certificate of Appealability**.**

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

                                  s/George Caram Steeh
                                  HON. GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

Dated: September 26, 2023

- 9 -

> CERTIFICATE OF SERVICE
>
> Copies of this Order were served upon attorneys of record on September 26, 2023, by electronic and/or ordinary mail and also on Ronald Morrell #955782, Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846.
>
> s/Michael Lang
> Deputy Clerk